IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

BRIAN J. DORSEY, )
)
Petitioner, )
)
v. ) Case No. 4:15-08000-CV-RK
)
TROY STEELE, )
)
Respondent. )

## ORDER DENYING PETITION AS TO CLAIM 5

Before the Court is Petitioner Brian J. Dorsey's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 25.) On May 4, 2018, counsel for the parties presented oral arguments as to whether any of Dorsey's claims are procedurally defaulted, and if so, whether there is cause and prejudice to excuse the procedural default. For the reasons stated below, Dorsey's petition as to claim 5 will be **DENIED**. The Court will address the remaining claims in a later decision.

Claim 5 alleges that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing certain evidence relating to DNA tests. (Doc. 25 at 199-207.) Dorsey admits, however, that he failed to raise this claim in his amended motion for post-conviction relief filed in state court and that the Missouri Supreme Court did not review the claim on the merits. (*Id.* at 207; Doc. 86 at 21.) Claim 5 is therefore procedurally defaulted. To excuse the procedural default, Dorsey does not argue that post-conviction counsel could not have raised this claim in the state post-conviction proceedings. He argues only that post-conviction counsel was ineffective in not raising it and that this Court should extend the narrow rule announced in *Martinez v. Ryan*, 566 U.S. 1 (2012), to defaulted *Brady* claims. Without sufficient authority to expand *Martinez* as Petitioner proposes, this Court declines to do so. Consequently, claim 5 is not subject to review.

Upon careful consideration of the parties' briefs and arguments, Petitioner Brian J. Dorsey's Petition for Writ of Habeas Corpus (doc. 25) is **DENIED** as to claim 5.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 26, 2018