## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN J. DORSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-08000-RK |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Brian J. Dorsey's ex parte motion filed under seal seeking relief under 18 U.S.C. § 3599 and 28 U.S.C. § 1651 ("All Writs Act"). (Doc. 116.) Specifically, Petitioner seeks an order that the Missouri Department of Corrections transport him to a medical center to obtain certain medical testing in support of an anticipated clemency application. After careful consideration and for the reasons explained below, the ex parte motion is **DENIED**.

### Discussion

Petitioner is currently in the custody of the Missouri Department of Corrections, having been convicted of two counts of first-degree murder and sentenced to death. Petitioner has been denied relief on direct appeal,[1] in state post-conviction relief proceedings,[2] and in federal habeas relief proceedings under 28 U.S.C. § 2254.[3] Petitioner continues to be represented by counsel appointed to represent him at the § 2254 proceedings pursuant to 18 U.S.C. § 3599.[4] In the ex parte motion, Petitioner's counsel state that they believe the requested medical testing is "reasonably necessary" to support Petitioner's anticipated clemency case.

---

[1] *State v. Dorsey*, 318 S.W.3d 648 (Mo. banc 2010), *cert. denied*, 562 U.S. 1067 (2010).

[2] *Dorsey v. State*, 448 S.W.3d 276 (Mo. banc 2014).

[3] *Dorsey v. Steele*, No. 4:15-08000-CV-RK, 2019 WL 4740518 (W.D. Mo. Sept. 27, 2019), *aff'd*, *Dorsey v. Vandergriff*, 30 F.4th 752 (8th Cir. 2022), *reh'g denied*, No. 20-2099, 2022 WL 2180219 (8th Cir. June 16, 2022), *petition for cert. filed*, No. 22-6091 (U.S. Sept. 2, 2022). The petition for certiorari now pending before the United States Supreme Court is currently awaiting response, due by January 17, 2023.

[4] Section 3599 expressly contemplates for death penalty cases (1) appointment of counsel to represent those defendants in § 2254 habeas proceedings who are otherwise financially unable to obtain adequate representation, and (2) that such appointment will continue "throughout every subsequent stage of available judicial proceedings, including . . . proceedings for executive or other clemency as may be available to the defendant." § 3599(a)(2) & (e); *see Harbison v. Bell*, 556 U.S. 180, 194 (2009) (holding that § 3599 authorizes federally appointed counsel to represent defendants in state clemency proceedings).

As relevant here, § 3599(f) provides as follows:

Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefore under subsection (g). No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.

As an initial matter, the Court is not convinced that Petitioner has satisfied § 3553(f)'s confidentiality requirement to pursue this request ex parte. Several federal courts, including the Eastern District of Missouri, have concluded that the showing to proceed ex parte under § 3553(f) requires identification of some case-specific need for confidentiality rather than a generic confidentiality interest otherwise common to all capital cases. *Jones v. Stephens*, No. 4:05-CV-638-Y, 2014 WL 2446116, at *1 (N.D. Tex. May 30, 2014) (citing *Patrick v. Johnson*, 37 F. Supp. 2d 815, 816 (N.D. Tex. 1999); other citations omitted); *Barnett v. Roper*, No. 4:03CV00614 ERW, 2010 WL 1268030, at *1 (E.D. Mo. Apr. 1, 2010). Indeed, as the Southern District of Ohio has recognized, by its plain terms, § 3599(f) "conveys a clear legislative intent to forestall, except upon a specific showing of the need for confidentiality, any filing or consideration of *ex parte* motions seeking funds for expert/investigative assistance." *Garner v. Mitchell*, No. 1:98-cv-870, at *2 (S.D. Ohio Apr. 28, 2010). A brief review of § 3599(f)'s legislative history seems to support this conclusion.[5]

In his ex parte motion, Petitioner states that confidentiality is required to preserve the defense strategy and argues that the government has no interest in the "investigation or exploration of evidence to support the defense" until that evidence is presented on behalf of Petitioner in the

---

[5] In 2006, Congress added § 3599, which was virtually the same as had previously been enacted at 21 U.S.C. § 848(q)(4)-(10). *See* Pub. L. 109-177, tit. II, sub. tit. B, § 221, 120 Stat. 192 (2006) (codified at § 3599); 21 U.S.C. § 848(q)(4)-(10) (2005). As to the prior enactment of the provision under § 848(q), subsection (9) had, since 1996, provided much the same as § 3599(f) does today: "No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality." *See* Pub. L. 104-132, tit. 1, § 108, 110 Stat. 1214 (1996). Before 1996, however, § 848(q)(9) had provided for ex parte proceedings as a matter of course. *See* 21 U.S.C. § 848(q)(9) (1995) (stated: "Upon a finding in ex parte proceedings that investigative, expert or other services are reasonably necessary for the representation of the defendant . . . the court shall authorize the defendant's attorneys to obtain such services on behalf of the defendant and shall order the payment of fees and expenses therefore[.]").

anticipated clemency proceeding. In Missouri, the executive clemency process, governed by statute (Mo. Rev. Stat. § 417.800) and the Missouri Constitution (Mo. Const. art. IV, sec. 7), does not appear to necessarily invoke an adversarial process. *See State ex rel. Lute v. Mo. Bd. of Prob. & Parole*, 218 S.W.3d 431, 435 (Mo. banc 2007) (explaining the executive clemency process in Missouri).

In addition, Petitioner cites to other federal statutes and rules under which indigent defendants are entitled to seek similar relief on an ex parte basis as a matter of course. *See* 18 U.S.C. § 3006A(e) (authorizing ex parte proceedings as a matter of right for requests for services for persons represented by counsel appointed under the Criminal Justice Reform Act); *United States v. Hang*, 75 F.3d 1275, 1281 (8th Cir. 1996) (recognizing that Rule 17(b) – which authorizes ex parte application for witness subpoenas as a matter of course for indigent defendants – "places all defendants, whether impoverished or with ample financial resources, on equal footing, and it prevents the Government from securing undue discovery"). The difference here, though, is the specific statutory language utilized in § 3599(f), which suggests some showing of a need for confidentiality is required to proceed ex parte. Nonetheless, under the circumstances here, the Court will permit Petitioner's ex parte motion to remain under seal at this time.[6]

Next, the Court considers whether it has authority to provide Petitioner the relief he requests – that is, to order that the Missouri Department of Corrections transport Petitioner to a medical facility to undergo desired medical testing in support of his anticipated clemency request. In his ex parte motion, Petitioner relies on two statutes under which he argues the Court has authority to issue the desired order: 18 U.S.C. § 3599 and 28 U.S.C. § 1651. After careful review, the Court concludes it does not have the authority to grant Petitioner's request.

First, as to the Court's authority under § 3599, the answer is clear that the Court's authority under the funding statute does not authorize the Court to order the specific relief Petitioner requests. In *Tisius v. Vandergriff*, __ F. 4th __, 2022 WL 17748240 (8th Cir. 2022), the Eighth Circuit recently held that § 3599 does not authorize a federal court to order state officials to act in furtherance of a defendant's state clemency proceeding. In *Tisius*, the defendant sought (and

---

[6] The Court will not issue this order under seal, however, in the interests of justice and open court proceedings. In doing so, the Court notes that this approach is consistent with a recent opinion issued by the Eighth Circuit concerning a defendant's ex parte motion under § 3599: although the underlying filings remain under seal, the Eighth Circuit's opinion is not sealed. *See Tisius v. Griffith*, No. 4:17-cv-00426-SRB (W.D. Mo.) (doc. 121-1).

obtained) from the district court two orders pursuant to § 3599, directing the warden of the state correctional facility where defendant was confined and the Missouri Department of Corrections to transport defendant to a hospital to undergo medical testing in support of his executive clemency proceeding. *See id.* at *1. On appeal, the Eighth Circuit held that § 3599 "does not permit the district court to compel state officials to act in furtherance of state clemency proceedings." *Id.* In doing so, the Eighth Circuit expressly joined the Fifth, Sixth, Eleventh, and Ninth Circuits, to hold that "§ 3599 is a funding statute, not a mechanism that grants federal courts authority to oversee and compel state officials to act in furtherance of clemency proceedings." *Id.* (citing *Beatty v. Lumpkin*, 52 F.4th 632, 634-35 (5th Cir. 2022); *Bowels v. Desantis*, 934 F.3d 1230, 1242-44 (11th Cir. 2019); *Leavitt v. Arave*, 682 F.3d 1138, 1141 (9th Cir. 2012); *Baze v. Parker*, 632 F.3d 338, 342-43 (6th Cir. 2011)). Accordingly, bound by this precedent, the Court is not authorized under § 3599 to provide Petitioner the relief he seeks.

In addition to § 3599, Petitioner also argues that the Court has authority under the All Writs Act, 28 U.S.C. § 1651, to order that he be transported to an outside facility undergo desired medical testing. In relevant part, the All Writs Act authorizes federal courts to "issue all writs necessary or appropriate to aid in their jurisdictions and agreeable to the usages and principles of law." § 1651(a). By its terms, however, the All Writs Act is not an independent source of authority under which the Court can act. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 821 (8th Cir. 2009) (the All Writs Act "is not an independent source of subject matter jurisdiction") (citations omitted); *accord United States v. Denedo*, 556 U.S. 904, 914 (2009) ("The authority to issue a writ under the All Writs Act is not a font of jurisdiction.") (citation omitted). The Eighth Circuit does not appear to have addressed this specific issue.[7] In *Baze*, the Sixth Circuit did address this issue directly, and held that whether considered independently or in

---

[7] As the Eighth Circuit noted in *Tisius*, the issue was expressly raised in an earlier case, *Rhines v. Young*, 941 F.3d 894, 895 (8th Cir. 2019), and while the court ultimately dismissed *Rhines* on mootness or exhaustion grounds, prior to doing so, it noted that

> [a] majority of the panel . . . tentatively concluded that [the Court] should affirm a district court's conclusion that it lacked authority under 18 U.S.C. § 3599 and the All Writs Act, 28 U.S.C. § 1651(a), to order South Dakota prison officials to allow an inmate sentenced to death to meet with experts retained by appointed counsel for the purposes of preparing a clemency application.

*Tisius*, 2022 WL 17748240, at *1 (citing *Rhines*, 941 F.3d at 895-96).

conjunction with § 3599, the All Writs Act did not provide the district court with the "enforcement power" to provide the requested relief in support of a clemency application. 632 F.3d at 345-46; *see also LeCroy v. United States*, 975 F.3d 1192, 1197 n.1 (11th Cir. 2020) (relying on *Baze* in rejecting defendant's argument that the "All Writs Act protects the court's jurisdiction under 18 U.S.C. § 3559 to appoint counsel").

In *Clinton v. Goldsmith*, 526 U.S. 529 (1999), the Supreme Court examined the limitations of the All Writs Act, recognizing that the statute provides authority and power only "to the issuance of process 'in aid of' the issuing court's jurisdiction." *Id.* at 534 (citation omitted). In other words, "the express terms of the [All Writs] Act confine the power . . . to issuing process 'in aid of' [the issuing court's] existing statutory jurisdiction; the Act does not enlarge that jurisdiction." *Id.* at 534-35 (citations and quotation marks omitted). In *Clinton*, then, the Supreme Court held that beyond the United States Court of Appeals for the Armed Forces' "narrowly circumscribed" jurisdiction (as defined by statute), the All Writs Act did not provide any authority to so act. *Id.* at 535-36. As this legal principle is applied here, because § 3599 does not provide the Court the authority to grant the relief Petitioner requests, the All Writs Act – whether alone or in conjunction with § 3599 – does not permit the Court to grant Petitioner the relief he seeks, either. Put another way, unless the Court has some jurisdiction to act otherwise in the matter, the All Writs Act does not itself authorize the Court to act. Here, the only source of authority or jurisdiction on which Petitioner relies is § 3599. But, as the Eighth Circuit recently held, § 3599 is merely a funding statute, and no more. Petitioner must therefore point to some other jurisdictional basis on which the Court may act; Petitioner points to no other source of authority or jurisdiction for the Court to oversee the development of a state prisoner's state clemency application in the manner requested.

## Conclusion

For these reasons, Petitioner's ex parte motion (Doc. 116) is **DENIED**.

**IT IS SO ORDERED**.


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT


DATED: January 11, 2023

5